UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLETE ROBINSON,

    Petitioner,

v.

MITCH PERRY,

    Respondent.

Case No. 14-cv-14168
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING WITHOUT PREJUDICE
PETITIONER'S REQUEST TO HOLD
PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE [9]**

Petitioner Clete Robinson, a Michigan prisoner, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1, Pet.) Robinson challenges his state-court convictions, including possession with intent to deliver more than 50 but less than 450 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a)(iii), and possession of marijuana, Mich. Comp. Laws § 333.7403(2)(d).

In a motion filed with the Court on June 12, 2015, Robinson asked to hold his habeas petition in abeyance. (Dkt. 9, Mot. to Stay.) He wishes to return to state court to exhaust additional claims. For the reasons that follow, the Court will deny the request without prejudice and allow Robinson to amend his motion.

**I. BACKGROUND**

Robinson was convicted following a jury trial in Wayne County Circuit Court. Robinson's conviction was affirmed in a consolidated appeal with his co-defendant, Zajuan Nenrod. *People v. Nenrod*, No. 308340, 2013 WL 6083721 (Mich. Ct. App. Nov. 19, 2013). The Michigan Supreme Court denied leave to appeal on March 28, 2014. *People v. Robinson*, 843

N.W.2d 917 (Mich. 2014). Robinson did not file a petition for certiorari with the U.S. Supreme Court, nor did he file for state-court post-conviction relief. (Pet. at 2–3.)

Robinson now seeks to hold his habeas petition in abeyance while he returns to state court to exhaust additional unspecified claims through post-conviction relief. (Mot. To Stay at 1.) Respondent filed a response to Robinson's motion. (Dkt. 10, Resp.)

## II. DISCUSSION

A federal district court has authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *See Brewer v. Johnson*, 139 F. 3d 491, 493 (5th Cir. 1998) (per curiam). This is so even for a fully exhausted federal habeas petition. *See Bowling v. Haeberline*, 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served") (quoting *Nowaczyk v. Warden, New Hampshire State Prison*, 299 F. 3d 69, 83 (1st Cir. 2002)).

In many instances though, the outright dismissal of a habeas petition to allow a petitioner to exhaust state remedies might result in a time-bar when the petitioner returns to federal court due to the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1); *see also Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002). In this case, AEDPA's one-year statute of limitations does pose a problem for Robinson. The Michigan Supreme Court denied his application for leave to appeal on March 28, 2014, and he filed his habeas petition by signing it under penalty of perjury on October 26, 2014. That would mean that roughly four months of AEDPA's one-year clock ticked away before Robinson filed his petition. *See Ali v. Tennessee Bd. of Pardon & Paroles*, 431 F.3d 896, 899 (6th Cir. 2005) (stating that the additional ninety days in which a petitioner could have

filed a petition for certiorari in the United States Supreme Court delays the start of the limitations period (citing *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (en banc))). Now it has been well over nine months since Robinson filed his habeas petition. And there is no statutory tolling while a habeas petition is pending before a federal court, *Duncan v. Walker*, 533 U.S. 167, 173 (2001), and equitable tolling is only available in extraordinary circumstances, *Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Supreme Court has addressed the procedure by which a district court may stay a "mixed" petition (one that consists of both exhausted and unexhausted claims). *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005) ("[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims . . . [E]ven if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his claims are plainly meritless. . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all."). But *Rhines* is not directly applicable to Robinson's situation, as his current habeas petition contains only exhausted claims.

> In evaluating a similar motion, this Court recently concluded that
>
> where, as here, a habeas petition contains only exhausted claims, and the petitioner seeks to stay the petition so that he can return to state court on unexhausted claims not yet part of the petition, the Court believes that its discretion to stay the petition is informed both by the potential for parallel federal habeas and state post-conviction proceedings and *Rhines*. Chief among these considerations is the apparent merit of the unexhausted and exhausted claims, and, relatedly, whether this Court would benefit from a state-court ruling on the unexhausted claims. . . . But *Rhines* 'good cause' requirement is not irrelevant: the Court is less likely to find parallel-litigation unfairly prejudicial to a habeas petitioner if the petitioner lacks a good reason for having created that potential in the first place.

*Thomas v. Stoddard*, 89 F. Supp. 3d 937, 942–43 (E.D. Mich. 2015).

With that said, however, the Court finds that Robinson's motion in its current form does not offer enough information to complete the *Thomas* analysis. The motion reads, in its entirety:

> I am formally requesting that my Petition for Writ of Habeas Corpus be placed in abeyance so that I may seek post collateral relief under MCR 6.500.
>
> Being a layman at law with no legal training, I have found through research and diligence that there are issues that should have been raised prior to my petitioning this Honorable Court for relief.
>
> Therefore, I humbly request that this Honorable Court grant my request.

(Mot. to Stay at. 1.) Robinson is not entitled to a stay of proceedings because he failed to describe the issues that he claims "should have been raised." Nor does he state why these claims have not been exhausted with the state courts. Thus, the Court has no basis to determine whether the claims he wishes to raise have any potential merit or would be "plainly meritless." And the Court cannot say either way whether Robinson has good cause for a stay in this case. Accordingly, the Court will deny Robinson's motion without prejudice and instruct him to refile the motion with greater detail as to his proposed claims.

## III. CONCLUSION

For the reasons set forth above, IT IS ORDERED that Robinson's Request to Hold Petition for Writ of Habeas Corpus in Abeyance (Dkt. 9) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Robinson has until February 15, 2016 to file a new motion to stay that explains in greater detail the claims he seeks to pursue in state court and

explains why those claims were not previously exhausted.

**IT IS SO ORDERED**.

                         s/Laurie J. Michelson
                         LAURIE J. MICHELSON
                         UNITED STATES DISTRICT JUDGE

Dated: January 28, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 28, 2016.

                         s/Jane Johnson
                         Case Manager to
                         Honorable Laurie J. Michelson